UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN<br>237 ½ E. Larwill St.<br>Wooster, OH 44691<br><br>*On behalf of himself and all others similarly situated,*<br><br>        Plaintiff,<br><br>  *v.*<br><br>SPEED NORTH AMERICA, INC.<br>c/o Statutory Agent CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus OH 43219<br><br>        Defendant. | CASE NO.<br><br>JUDGE<br><br>**PLAINTIFF'S CLASS AND COLLECTIVE ACTION COMPLAINT**<br><br>(Jury Demand Endorse Herein) |

Plaintiff Michael Brown, on behalf of himself and all others similarly situated, by and through counsel, respectfully files this Class and Collective Action Complaint, and states and alleges the following:

**INTRODUCTION**

1. Plaintiff Michael Brown brings this case to challenge policies and practices of Defendant Speed North America, Inc. (hereinafter also referred to as "Speed North America" or "Defendant") that violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, as well as the statutes of the State of Ohio. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23

on behalf of himself and other members of a class of persons who assert factually-related claims under the wage-and-hour statutes of the State of Ohio (the "Ohio Class").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3. This Court has supplemental jurisdiction over Plaintiff's claims under the statutes of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5. Plaintiff Michael Brown is an individual and a resident of Wayne County, Ohio.

6. Defendant Speed North America is an Ohio for-profit corporation [1] with its principal place of business at 1700A Old Mansfield Rd, Wooster, OH 44691.[2] According to records maintained by the Ohio Secretary of State, Speed North America's statutory agent for service of process is CT Corporation System, 4400 Easton Commons Way, Suite 125, Columbus OH 43219.

## FACTUAL ALLEGATIONS

### Defendant's Business

7. Defendant Speed North America "is the U.S. Divisional Headquarters specializing in extrusion molding of Innovative Polyamide Monofilaments for the manufacturing

---

[1] https://businesssearch.ohiosos.gov?=businessDetails/1757393 (accessed Nov. 6, 2020).
[2] *See* https://www.speedgroupe.com/en/contact-us/ (accessed Nov. 6, 2020).

2

of trimmer line and utilizes in-house injection molding to produce its packaging serving a worldwide market (*North America* & International Market)." [3] Defendant operates out of 1700A Old Mansfield Road Wooster, OH 44691. [4]

### Defendant's Status as an Employer

8. At all times relevant, Defendant was an employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and employed non-exempt hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class.

9. At all times relevant, Defendant was an enterprise within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant, Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. Defendant operates and controls an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

### Plaintiff's, the FLSA Collective's, and Ohio Class's Employment Statuses with Defendant

12. Plaintiff Michael Brown has been employed by Defendant since approximately August 2019 to the present. Plaintiff worked for Defendant as an hourly nonexempt employee during the relevant time period.

13. At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees within the meaning of 29 U.S.C. § 203(e) and O.R.C. §§ 4111.01, *et seq*.

---

[3] http://woosterchamber.chambermaster.com/list/member/speed-north-america-946 (Oct. 25, 2020 cached version accessed Oct. 28, 2020).
[4] https://www.facebook.com/SpeedNorthAmerica/ (accessed Oct. 28, 2020).

14. At all times relevant, Plaintiff, the FLSA Collective, and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 207.

**Defendant's Failure to Pay Overtime Compensation at the Lawful "Regular Rate"**

15. The FLSA and Ohio law required Defendant to pay overtime compensation to its employees at the rate of one and one-half times their regular rate for the hours the employees worked in excess of forty hours each workweek. 29 U.S.C. § 207; O.R.C. § 4111.03.

16. The FLSA also required Defendant to pay overtime compensation to its hourly employees at one and one-half times their "regular rate" of pay, and to include in the calculation of their regular rates "all remuneration for employment paid to, or on behalf of, the employee[.]" 29 U.S.C. § 207(e)(3).

17. Defendant did not properly calculate the regular rates of Plaintiff, the FLSA Collective, and the Ohio Class when paying them overtime compensation, but rather miscalculated their regular rates and underpaid their overtime compensation.

18. In determining their regular rates, Defendant did not properly include the wages paid to Plaintiff, the FLSA Collective, and Ohio Class in the form of "bonuses" which include non-discretionary payments such as shift differential, attendance, and "lead pay."

19. For example, during the two workweek period June 7, 2020 through June 20, 2020, Plaintiff worked 80 regular hours and 28 overtime hours. However, while Defendant paid Plaintiff nondiscretionary bonuses in the amount of $248.40, these nondiscretionary bonuses were not factored into Plaintiff's rate of overtime pay.

4

20. Defendant's deliberate failure to pay hourly employees their earned wages and overtime compensation violates the FLSA as well as the statutes and common law of the State of Ohio.

21. Defendant's illegal pay practices were the result of systematic and company-wide policies originating at the corporate level.

22. Defendant's failure to compensate Plaintiff, the FLSA Collective, and Ohio Class for hours worked more than forty (40) hours per week at "one and one-half times" the employees' "regular rate[s]" of pay constitutes a knowing and willful violation of the FLSA, 29 U.S.C. § 207 and corresponding Ohio law.

### The Willfulness of Defendant's Violations

23. Defendant knew that Plaintiff, the FLSA Collective, and Ohio Class were entitled to overtime compensation pay under federal and state law or acted in reckless disregard for whether they were so entitled.

24. Defendant intentionally and willfully circumvented the requirements of the FLSA and Ohio law.

### COLLECTIVE ACTION ALLEGATIONS

25. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of himself or themselves and other employees similarly situated."

27. The FLSA Collective consists of:

5

> All present and former hourly employees of Defendant Speed North America, Inc. during the period of three years preceding the commencement of this action to the present who, during one or more workweeks when they worked more than forty (40) hours, were paid nondiscretionary bonuses including, but not limited to, in the form of shift differential, attendance, and "lead pay," that were not factored into their overtime pay.

28.    Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were non-exempt employees of Defendant, all were subjected to and injured by Defendant's unlawful practice of failing to pay overtime compensation for all hours worked in excess of forty per workweek, and all have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

29.    Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

30.    Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over one hundred persons. Such persons are readily identifiable through the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA.

## CLASS ACTION ALLEGATIONS

31.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

32.    Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former hourly employees of Defendant Speed North America, Inc. during the period of two years preceding the commencement of this action to the present who, during one or more workweeks when they worked more than forty (40) hours, were paid nondiscretionary bonuses including, but not limited to, in the form of shift differential, attendance, and "lead pay," that were not factored into their overtime pay.

33. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and belief, that they consist of over one hundred persons. The number of class members, as well as their identities, are ascertainable from the payroll records Defendant has maintained, and was required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c) & 29 C.F.R. § 516.2; Ohio Const. Art. II, § 34a.

34. There are questions of law or fact common to the Ohio Class, including but not limited to:

> Whether Defendant paid overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek;

> Whether Defendant's failure to pay overtime compensation to Plaintiff and other Class Members at one and one-half times their "regular rate" for all hours worked in excess of forty hours in a workweek was willful; and

> What amount of monetary relief will compensate Plaintiff and other members of the class for Defendant's violation of O.R.C. §§ 4111.03 and 4111.10.

35. Plaintiff's claims are typical of the claims of other members of the Ohio Class. Plaintiff's claims arise out of the same uniform course of conduct by Defendant, and are based on the same legal theories, as the claims of other class members.

36. Plaintiff will fairly and adequately protect the interests of the Ohio Class. Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other class members. Plaintiff's counsel have broad experience in handling class action litigation, including

wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

37. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

38. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

### COUNT ONE
### (FLSA Overtime Violations)

39. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

40. Plaintiff brings this claim for violation of the FLSA's overtime provisions.

41. The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay. 29 U.S.C. § 207(a)(1).

42. Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

43. Defendant did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

44. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force of law.

45. As a result of Defendant's violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT TWO
### (Ohio Overtime Violations)

46. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

47. Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

48. At all times relevant, Defendant was an employer covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

49. Defendant's failure to compensate overtime hours and Defendant's failure to pay employees for all hours worked violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

50. These violations of Ohio law injured Plaintiff, the FLSA Collective, and Ohio Class in that they did not receive wages due to them pursuant to that statute.

51. Having injured Plaintiff, the FLSA Collective and the Ohio Class, Defendant is "liable to [Plaintiff, the FLSA Collective and the Ohio Class] for the full amount of the overtime wage rate, less any amount actually paid to the employee … and for costs and reasonable attorney's fees as may be allowed by the court." O.R.C. 4111.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B. Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D. Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class in the amount of their unpaid wages, as well as liquidated damages in an equal amount; and

E. Award Plaintiff compensatory damages, prejudgment interest, Plaintiff's costs and attorneys' fees incurred in prosecuting this action, and such further relief as the Court deems equitable and just.

*s/ Kevin M. McDermott II*
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221   F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

*Attorneys for Plaintiff*

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

*s/ Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
