UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, *et al.*, | ) CASE NO. 5:20-cv-02535 |
| | ) |
| *On behalf of themselves and all others similarly situated,* | ) JUDGE JOHN R. ADAMS |
| | ) |
| Plaintiffs, | ) |
| | ) |
| | ) **ORDER GRANTING** |
| v. | ) **PRELIMINARY APPROVAL OF** |
| | ) **SETTLEMENT** |
| SPEED NORTH AMERICA, INC. | ) **(Resolving Doc. 38)** |
| | ) |
| Defendant. | ) |

Plaintiffs Michael Brown and Tomah Nelson, and Defendant Speed North America, Inc., have jointly moved the Court to certify a proposed Settlement Class pursuant to Fed. R. Civ. P. 23, preliminarily approve the proposed settlement of Settlement Class Members' Ohio law claims pursuant to Rule 23(e), approve notice to Potential Settlement Class Members, appoint interim class counsel and schedule a Fairness Hearing. Upon consideration of the Parties' "Joint Motion for Preliminary Approval of Class Action Settlement" ("Preliminary Approval Motion"), "Class/Collective Action Settlement Agreement" ("Settlement Agreement"), Declaration of Counsel, and all other papers and proceedings herein, it is hereby **ORDERED** that:

1. The Preliminary Approval Motion is **GRANTED**, and the settlement of this action is **PRELIMINARILY APPROVED** because it appears that, at the final approval stage, the Court "will likely be able to" approve the settlement under the criteria described in Federal Rule of Civil Procedure ("Civil Rule") 23(e)(2) and certify the settlement class under the criteria described in Civil Rules 23(a) and 23(b)(3). *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

2. Plaintiff Michael Brown filed a Class and Collective Action Complaint on November 10, 2020 (ECF #1), and on May 21, 2021 Plaintiffs Brown and Tomah Nelson filed a

Second Amended Class and Collective Action Complaint (ECF #25). Plaintiffs alleged that they and other similarly situated employees were not paid for all time worked, including compensable time at the beginning and end of their shifts as a result of Defendant's alleged unlawful regular rate calculation and time editing and rounding policies, and are owed overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the FLSA, 29 U.S.C. § 207, and Ohio Revised Code §§ 4111.03, 4111.10. (*See* ECF #25, Second Amended Complaint at ¶¶ 16-36.) Defendant denied Plaintiffs' claims and asserted affirmative defenses. (*See* ECF #26, Answer to Second Amended Complaint.)

3. The Parties engaged in comprehensive discovery and wage and hour records analysis regarding the Plaintiffs' claims and the Defendant's defenses to these claims. Class Counsel also conducted extensive investigations into the facts before and during the prosecution of the Action. This discovery and investigation has included, among other things, (a) multiple meetings and conferences with the Court, Plaintiffs, and Defendant's Counsel; (b) inspection and analysis of class-wide documents produced by the Defendant, including analysis of wage-and-hour information and other data and documents and development of a data analysis and methodology comprising of over 300,000 data points from the records produced by Defendant; (c) analysis of the legal positions taken by Defendant; (d) investigation into the viability of class treatment and collective action treatment; (e) analysis of potential class-wide damages; (f) research of the applicable law with respect to the claims and potential defenses thereto; and (g) serving and working on responding to discovery requests.

4. Settlement negotiations were arduous and contentious. In advance of the mediation, Plaintiffs prepared and submitted a comprehensive mediation position statement and demand addressing merits and damages issues. A full day mediation with Mediator Jerome F.

Weiss, a very seasoned and experienced attorney and mediator, on September 13, 2021 was successful in achieving a settlement. Subsequent to the mediation, the Parties drafted settlement documents for filing with the Court, including the Class/Collective Action Settlement Agreement.

5. On October 4, 2021 the Parties filed their Preliminary Approval Motion.

6. The Settlement will resolve disputed claims between the Parties. The Settlement will resolve Ohio wage-and-hour claims of the Named Plaintiffs and all other members of the proposed Settlement Class pursuant to Fed. R. Civ. P. 23(e). In addition, the Settlement will resolve federal claims of the Named Plaintiffs and other FLSA Collective Action Members pursuant to the FLSA, 29 U.S.C. §§ 207, 216(b). Settlement is appropriate because the released claims are being compromised without need to establish the elements of those claims on which liability turns, in addition to providing a substantial recovery to Class/Collective Action Members in light of the procedural and substantive encumbrances underscored by Defendant. Named Plaintiffs and Class Counsel believe the claims asserted in the matter have merit and that the evidence developed to-date supports the claims asserted. Plaintiffs and Class Counsel, however, also recognize the risk and expense of trying and, if necessary, appealing this action, and believe that the Settlement confers substantial benefits upon the Class/Collective Members.

7. The Court finds that the proposed Settlement satisfies the standard for approval of a class/collective action settlement under 29 U.S.C. § 216(b) and O.R.C. § 4111.01 *et seq*. There is "a bona fide dispute between the parties as to the employer's liability under the FLSA" and the Settlement "is fair, reasonable, and adequate." *Jackson v. Trubridge, Inc.*, N.D.Ohio No. 5:16-cv-00223, 2017 U.S. Dist. LEXIS 193782, at *4 (N.D.Ohio Jan. 26, 2017) (quoting *Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, at *19 (S.D.Ohio May 30, 2012)); *Osman*

*v. Grube, Inc.*, N.D.Ohio No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *2 (N.D.Ohio May 4, 2018). *Accord Landsberg v. Acton Ents., S.D.Ohio* No. C2-05-500, 2008 U.S. Dist. LEXIS 51544, at *2, fn. 1 (June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1353-55 (11th Cir. 1982)).

8. As to the proposed Settlement Class, the Court makes the following determination:

9. The Settlement Class consists of: Plaintiffs, FLSA Collective Action Members, and all present and former hourly employees of Defendant Speed North America, Inc. during the period of November 10, 2018 to September 13, 2021 who, during one or more workweeks when they worked more than forty (40) hours, were paid allegedly nondiscretionary bonuses including, but not limited to, in the form of shift differential, attendance, and "lead pay," that were not factored into their overtime pay; and/or who, during one or more workweeks when they worked more than forty (40) hours, were allegedly not paid for all hours worked by virtue of having their time edited or otherwise rounded or modified.

10. The settlement of this action under Rule 23 is **PRELIMINARILY APPROVED** because it appears that, at the final approval stage, the Court "will likely be able to" approve the settlement under the criteria described in Civil Rule 23(e)(2) and certify the settlement class under the criteria described in Civil Rules 23(a) and 23(b)(3). *See* Fed. R. Civ. P. 23(e)(1)(B)(i)-(ii).

11. The "Notice of Class Action Settlement" form attached to the Preliminary Approval Motion as Exhibit C and the notice protocols described in the Settlement Agreement are approved pursuant to Civil Rules 23(c)(2)(B) and 23(e)(1). The Notice Form shall be sent to

the "Rule 23 Class Members" as defined in the Settlement Agreement, pursuant to such protocols.

12. Individuals who wish to exclude themselves from the settlement must do so within 60 calendar days after the Settlement Administrator mails the Notice of Class Action Settlement and must follow the procedures described in the Settlement Agreement and Notice Form.

13. Individuals who wish to object to the settlement must do so within 60 calendar days after the Settlement Administrator mails the Notice of Class Action Settlement and must follow the procedures described in the Settlement Agreement and Notice Form.

14. The law firm of Scott & Winters Law Firm, LLC is appointed interim class counsel pursuant to Civil Rule 23(g)(3). The Court will make its final decision regarding the appointment of class counsel after the final approval and pursuant to the criteria described in Civil Rule 23(g)(1).

15. Pursuant to Civil Rule 23(e)(2), a Fairness Hearing addressing final approval of the settlement will be held on **February 24, 2022**, at **11:00 AM** in Courtroom __ of the John F. Seiberling Federal Building and U.S. Courthouse, Two South Main Street. During this hearing, the Court will hear from any objectors or other class members who wish to address the Court and will hear argument from counsel regarding, *inter alia*, the following issues: whether the settlement warrants final approval under Civil Rule 23(e)(2), 29 U.S.C. § 216(b), and R.C. § 4111.01 *et seq.*; whether the settlement class should be certified

---

[1] **Note to the Court**: Because the Settlement Agreement requires those individuals who wish to exclude themselves or object to the settlement to do so on or before a postmark deadline falling at most 95 calendar days (Settlement Agreement at ¶¶ 5, 6, 7) after the entry of this Order granting Preliminary Approval, the Parties respectfully suggest that the final approval hearing be scheduled approximately 120 calendar days after the entry of this Order.

under Civil Rules 23(a) and 23(b)(3); whether the service award described in the Settlement Agreement should be approved; and whether the attorney's fees and litigation costs sought by interim class counsel and described in the Settlement Agreement should be approved under Civil Rule 23(h).

16. Prior to the Fairness Hearing, interim class counsel shall file all papers in support of the final approval of the settlement and the associated issues described in paragraph 15 above.

IT IS SO ORDERED:

/s/ John R. Adams
United States District Judge

Date: 10/21/21