UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL BROWN, *et al.*, | ) CASE NO. 5:20-cv-02535 |
| *On behalf of themselves and all others similarly situated,* | ) JUDGE JOHN R. ADAMS |
| Plaintiffs, | ) **ORDER** |
| *v.* | ) |
| SPEED NORTH AMERICA, INC. | ) |
| Defendant. | ) |

### ORDER GRANTING JOINT MOTION FOR CERTIFICATION OF THE SETTLEMENT CLASS, FINAL APPROVAL OF THE CLASS ACTION SETTLEMENT, AND OTHER ASSOCIATED RELIEF

**AND NOW**, upon consideration of Plaintiffs Michael Brown and Tomah Nelson's and Defendant Speed North America, Inc.'s "Joint Motion for Certification of the Settlement Class, Final Approval of the Class Action Settlement, and Other Associated Relief " ("Motion") (ECF #40), the "Class/Collective Action Settlement Agreement" (ECF #38-1); the "Joint Motion for Preliminary Approval of Class Action Settlement" (ECF #38); the Declaration of Settlement Administrator Settlement Services, Inc. (ECF #40-2), all related filings, exhibits and declarations attached to the above and related filings (collectively referred to as the "Motion papers"), and all other papers and proceedings herein, it is hereby **ORDERED** that the Motion is **GRANTED** as follows:

1. The Court **CERTIFIES A SETTLEMENT CLASS** comprised of Plaintiffs Michael Brown and Tomah Nelson and 410 other (412 total) individuals, including FLSA Collective Action Members, and all present and former hourly employees of Defendant Speed

1

North America, Inc. during the period of November 10, 2018 to September 13, 2021 who do not exclude themselves from the Settlement pursuant to Paragraph 6 of the Settlement Agreement and who, during one or more workweeks when they worked more than forty (40) hours, were paid allegedly nondiscretionary bonuses including, but not limited to, in the form of shift differential, attendance, and "lead pay," that were not factored into their overtime pay; and/or who, during one or more workweeks when they worked more than forty (40) hours, were allegedly not paid for all hours worked by virtue of having their time edited or otherwise rounded or modified.  Based on the evidence and arguments presented in the Motion papers and during the fairness hearing, this settlement class satisfies Fed. R. Civ. P. 23(a)'s four requirements – numerosity, commonality, typicality, and adequacy of representation – as well as Fed. R. Civ. P. 23(b)(3)'s additional requirements that common questions of law or fact "predominate over any questions affecting only individual members" and that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

2.      Under the settlement, Defendant will pay $311,500.00 to be distributed as follows: (i) $182,205.00 will be paid to the 412 class members, including Plaintiffs and FLSA Collective Action Members, as provided for in the Final Class Member List (ECF #38-3; (ii) a $2,000 service award will be paid to each of the Representative Plaintiffs Michael Brown and Tomah Nelson (for a total of $4,000); (iii) $101,287.71 in attorney's fees and $1,507.29 in litigation expenses, for a total of $102,795.00, will be paid to class counsel; and (iv) $22,500.00 will be paid to third-party settlement administrator Settlement Services, Inc. for administration of the settlement.

3.      The Court **APPROVES** the $182,205.00 payment to the class members as "fair, reasonable, and adequate," pursuant to Fed. R. Civ. P. 23(e)(2), because, based on the evidence

and arguments presented in the Motion papers and during the fairness hearing, all of the criteria described in Fed. R. Civ. P. 23(e)(2)(A)-(D) favors approval.

4. The Court **APPROVES** the Rule 23 Class Members' release of the Released Rule 23 Class Member Claims as provided in the Settlement Agreement, and the Court **APPROVES** the FLSA Collective Action Members' release of the Released FLSA Collective Action Member Claims as provided in the Settlement Agreement, (ECF #38-1 at page 4-5, PageID #331-332; page 6-7 at ¶ 4, PageID #333-334), as well as the other terms of the Settlement Agreement because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the settlement "was reached as a result of contested litigation and it is a fair and reasonable resolution of a *bona fide* dispute between the parties." *Osman v. Grube, Inc.*, N.D.Ohio No. 3:16-cv-00802-JJH, 2018 U.S. Dist. LEXIS 78222, at *2 (May 4, 2018) (citing *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982), citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)); *Filby v. Windsor Mold USA, Inc.*, 2015 U.S. Dist. LEXIS 30034, 2015 WL 1119732, at *3 (N.D. Ohio March 11, 2015) (quoting *Schneider v. Goodyear Tire & Rubber Co.*, 2014 U.S. Dist. LEXIS 78117, 2014 WL 2579637, at *2 (N.D. Ohio 2014)); *see also Kritzer v. Safelite Solutions, LLC*, 2012 U.S. Dist. LEXIS 74994, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012)).

5. The Court **APPROVES** the payment of a $2,000 service award to be paid to each of the Representative Plaintiffs Michael Brown and Tomah Nelson (for a total of $4,000). These service awards are justified by Plaintiffs Michael Brown's and Tomah Nelson's efforts on behalf of the class and are consistent with awards in other wage and hour class actions approved by courts within this district and division. *See Barnes v. Winking Lizard, Inc.*, 2019 U.S. Dist. LEXIS 65657, *18 (N.D. Ohio Mar. 26, 2019) (approving $7,500 service award); *Osman*, 2018

3

U.S. Dist. LEXIS 78222, at *4-6 (same).

6. The Court **APPOINTS** the law firm of Scott & Winters Law Firm, LLC to serve as class counsel because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, this firm satisfies the criteria described in Fed. R. Civ. P. 23(g)(1)(A)(i)-(iv).

7. The Court **APPROVES** the total payment to class counsel in the amount of $102,795.00, representing $101,287.71 in attorney's fees and $1,507.29 in litigation expenses, because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, the fee payment – which amounts to 32.52% of the total $311,500.00 settlement fund – falls within the range of fees awarded by courts within this district and division in other wage and hour class action settlements, *see Barnes*, 2019 U.S. Dist. LEXIS 65657, at *17 (citing cases), and is supported by each of the factors described in *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974). In addition, the reimbursed litigation expenses and costs incurred by class counsel were necessary and reasonable and are approved.

8. The Court **APPROVES** the payment to Settlement Class Administrator Settlement Services, Inc. in the amount of $22,500.00 for settlement administration expenses because, based on the evidence and arguments presented in the Motion papers and during the fairness hearing, such settlement administration expenses are necessary and reasonable.

9. This action is **DISMISSED WITH PREJUDICE.** This Final Approval Order is a final judgment for purposes of appeal and this document shall be considered notice of entry of such judgment. There being no just reason for delay in the entry of final judgment, the Clerk is hereby directed to enter judgment thereon.

10. Without affecting the finality of this judgment in any way, the Court retains

continuing jurisdiction over the parties for the purpose of construing, enforcing and administering this Order and the terms of the Class/Collective Action Settlement Agreement (ECF #38-1).

    **SO ORDERED** this 23__ day of February, 2022.

                                           */s/ John R. Adams*
                                          Hon. John R. Adams
                                          UNITED STATES DISTRICT JUDGE